UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAINTENX MANAGEMENT, INC.,

      Plaintiff,

v.

                               Civil Action No. 8:14-CV-2440-T-30 MAP

JEREMY LENKOWSKI,

      Defendant.

_____/

## CONFIDENTIALITY ORDER

      This matter, having come before this Court on the parties' Agreed Joint Motion for Entry of Confidentiality Order, and the Court having been fully apprised in the premises, hereby grants the Motion, under the following conditions:

      The subject matter of this litigation necessarily requires the disclosure of information which should be kept confidential to the parties, and to this Court, and re-released under only limited and controlled circumstances.

      This Court recognizes that the parties to this action will make discovery requests that call upon the party to whom the request is directed to divulge information which that party considers confidential, such as trade secrets, the identity of the Jane Doe plaintiffs in the related state-court litigation, videos depicting nudity or the identity of those Jane Doe plaintiffs, sensitive financial information, trade secrets, customer lists, and other potential confidential information.

      In order to expedite the flow of discovery material, promote the prompt resolution of disputes over confidentiality, and facilitate the preservation of the confidentiality of material deemed worthy of protection,

1

IT IS HEREBY ORDERED that:

1.     This Stipulation and Order governs the handling of all information designated as confidential through the utilization of the procedures established in this Agreement ("Confidential Material"). All such confidential material shall be used only in connection with the proceedings in this action and shall not be used for any other purpose whatsoever. This Stipulation and Order does not restrict a party's use of material that they obtain from any third party, or if the same information is available from non-confidential documents or other public resources.

2.     Information requested in discovery that is typically considered a trade secret, the identity of the Jane Doe plaintiffs in the related state-court litigation, videos depicting nudity or the identity of those Jane Doe plaintiffs, sensitive financial information, trade secrets, customer lists, are considered Confidential Material.

3.     A party producing discovery material ("producing party"), or any other party, who has a reasonable basis for claiming that information or documents may be protected, may designate all or part of such discovery material as Confidential Material, to be treated in accordance with the provisions of this Stipulation and Order. Such designation shall be either in a letter identifying the discovery material being designated, or by a stamp or other appropriate mark on the document or other discovery material or on the record at a deposition or other proceeding.

4.     Confidential Material shall not be disclosed to, discussed with, published to, or shared with, any person except:

   a. the parties, and in the case of corporate entities, the disclosure shall be limited to only corporate officers and those individuals absolutely necessary for the litigation;

2

b.  the undersigned counsel for the parties, and the employees of such counsel (including legal assistants, and other persons employed and supervised by such counsel);

c.  experts hired by a party to this action for the purpose of giving advice or testimony in this action;

d.  witnesses or potential witnesses in this action;

e.  the Court, pursuant to paragraph 8 of this Stipulation and Order; and

f.  other persons only upon order of the Court and after notice to all parties, or upon written consent of the party or parties whose Confidential Material is to be reviewed and the producing party.

5.      All such persons, with the exception of those third parties described in paragraph 6 below, to whom Confidential Material may be disclosed pursuant to subparagraphs (c), (d), and (f), prior to his or her being given access to or receiving such Confidential Material, shall acknowledge that he or she has read this Order and agrees to be bound by its terms by executing a copy of the Agreement attached hereto as Appendix "A".

6.      Both parties anticipate that there is a possibility that documents may be requested from third parties or non-party entities that could be likewise protected Confidential Information.  In order to facilitate these requests, no party will be required to obtain the acknowledgement described in paragraph 5 above from a non-party prior to requesting information from a non-party, however, the discovery request shall include a copy of this Order and shall instruct the non-party to produce documents, data, or other tangible materials under the terms of this Order.  Any records obtained from non-parties which contain information otherwise designated as Confidential Material shall be maintained

3

as Confidential Material under the terms of this agreement.

7.      Copies of the Agreement executed pursuant to this Order in the form of Appendix "A" shall be maintained by counsel securing them, and do not need to be disclosed to counsel for any other party. At the conclusion of the litigation, including the exhaustion of any appeals, any party may ask the Court to order counsel to provide copies of the executed Agreements, for good cause shown. This paragraph does not affect each party's duties under the Case Management Report and Case Management Order.

8.      In the event that any party wishes to challenge the appropriateness of confidential designation of any document, information, or other material, that party shall promptly confer in good faith with opposing counsel in an effort to resolve the matter. In the event those parties cannot reach agreement on the matter, the party opposing confidential treatment may make a motion to the Court for a determination that any Confidential Material is not entitled to protection. Any document, information, or other material as to which such a motion is made shall continue to be treated as Confidential Material until further order of the Court. If a motion is filed, pursuant to the Federal Rules of Civil Procedure and Florida law, the party seeking to protect the Confidential Material will have the burden of proof. The failure of any party to object to the designation of any document or any portion thereof as confidential shall in no way be construed as agreement by such party that the information so designated is, in fact, actually confidential.

9.      Any party who intends to offer into evidence or use for any other purpose Confidential Material at any court hearing in this action (other than at trial) shall give opposing counsel reasonable advance notice of such intention which, when practicable, shall

be at least ten (10) business days prior to the hearing or filing.  If no motion to  preserve the confidentiality is filed within ten (10) business days of the notice, it will be presumed that the other parties have no objection to the use of the Confidential Material before this Court.  If there is an objection to the use of the Confidential Material in filings before this Court, the party who is objecting to the use of the material and seeks to keep the information from the public record by filing the documents under seal shall comply with the applicable Federal Rules of Civil Procedure and Local Rules of the Middle District for making such filings, within ten (10) business days of the notice. The Court will then determine whether the proffered Confidential Material should continue to be treated as confidential and, if so, what protection, if any, may be afforded to such information.  Nothing in this provision is intended to prevent any party from otherwise filing an appropriate motion seeking permission to file information under seal in the event any Confidential Material must be included with, or the contents thereof disclosed in any pleading, motion, discovery response, deposition transcript, or other paper filed with the Court.

10.    All rights are reserved to the parties to object to the receipt of such material into evidence on other grounds. The parties recognize that the use of Confidential Material at trial will be dealt with by a specific pre-trial motion or in the Pretrial Order.

11.    Any Confidential Material that is inadvertently produced without notice or identification as to its Confidential, nature as provided in  paragraph  2, may be so designated by the producing party or any party within a reasonable period following the discovery that the Confidential Material has been produced without such designation.

12.    In the event any party perceives a violation of the terms of this Order,  prior to

5

or at the conclusion of the action, it shall provide reasonable notice of said alleged violation to counsel for the allegedly violating party, and an opportunity to cure the alleged violation prior to making a motion to this Court.  In the event the alleged violation is not cured to the satisfaction of the complaining party, it may ask the Court to require such counsel to provide copies of the executed Agreements to it upon a good faith showing that a breach of this Order may have occurred and the executed Agreements are necessary for the purpose of investigating such breach.

13.    Nothing in this Order shall prevent or otherwise restrict any counsel from rendering advice to his or her client and, in the course thereof, relying on the examination of information designated confidential.

14.    This Order shall survive the final termination of this action with respect to any Confidential Material.

**DONE AND ORDERED** in chambers at Tampa, Hillsborough County, Florida, this _23_, day of _Dec._, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT COURT JUDGE

Copies furnished to:
Steven G. Wenzel, Esquire
Kathryn E. Lee, Esquire / Steve D. Parker, Esquire

**APPENDIX A**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAINTENX MANAGEMENT, INC.,

      Plaintiff,

v.

                                    Civil Action No. 8:14-CV-2440-T-30 MAP

JEREMY LENKOWSKI,

      Defendant.

_____/

**AGREEMENT CONCERNING MATERIAL
COVERED BY CONFIDENTIALITY ORDER**

      The undersigned hereby acknowledges that, having read the Confidentiality Order

filed in the above action, he or she understands the terms thereof and agrees to be bound

thereby.

Printed Name _____

Signature_____

Dated: _____

7